F I L E D
CLERK OF COURT

2025 MAY 23 PM 1: 03

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

PANTASAR SOCHU NOTA,
DOB: 07/16/1973

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0265-21
GPD Report Nos. 21-02647/21-06533

**DECISION & ORDER
RE. MOTION TO DISMISS DUE TO
CIVIL COMPROMISE**

This matter came before the Honorable Alberto E. Tolentino on March 14, 2025, for a Further Proceedings. Defendant Pantasar Sochu Nota ("Defendant") was present with counsel Public Defender Renita Taimanao-Munoz. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). The Defendant previously filed a Motion to Dismiss due to Civil Compromise on December 27, 2024. At the Further Proceedings, the court found that oral argument on the question of civil compromise was not necessary. The court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's Motion to Dismiss due to Civil Compromise.

\\

\\

On July 22, 2021, the Defendant was charged via Magistrate's Complaint for the offenses of HARASSMENT (As a Petty Misdemeanor) and Two Counts of CRIMINAL TRESPASS (As a Petty Misdemeanor). *See* Magistrate's Compl. (July 22, 2021).

Two bench warrants delayed the proceedings in this case until the Defendant's release on July 15, 2024.[1] For the next few months, discussions with counsel continued until the Defendant filed a Motion to Dismiss due to Civil Compromise ("Motion") on December 27, 2024. At a Further Proceedings, the court addressed the Motion. Although no opposition was filed, the People deferred to the court as to a decision on the issue of civil compromise.[2] *See* Further Proceedings Mins. at 3:20:12PM (Mar. 14, 2025). The court then took the matter under advisement.

# DISCUSSION

The Defendant seeks dismissal of his case based on his civil compromise with the named victim pursuant to 8 GCA § 80.90, which reads that:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

As of today, the issue of civil compromise has not come before the Guam Supreme Court. In his Motion, the Defendant cited to California case law as persuasive authority when considering

---

[1] *See* Bench Warrant (Aug. 23, 2021); *see also* Bench Warrant (Jan. 29, 2024).

[2] Despite the People's failure to timely file an Opposition to the Defendant's Motion, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores*, the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27–28.

that Guam modeled its civil compromise statute from California Penal Code §§ 1377 and 1378.[3] Considering the Guam Supreme Court's ruling on California case law's applicability to Guam, the court finds it appropriate to use California case law to interpret and guide the application of 8 GCA § 80.90 to this case. *See People v. Hall*, 2004 Guam 12 ¶ 18 (citing *Fajardo v. Liberty House*, 2000 Guam 4, ¶ 17).

Like California, this court will use the following criteria in in determining whether to permit civil compromise of the Defendant's misdemeanor offenses: (1) if the civil injury is coextensive with the criminal violation, (2) whether full vindication of the public injury can be achieved through a private settlement, and (3) if the proposed compromise is voluntarily entered into by the victim. *See People v. Moulton*, 131 Cal.App.3d Sup. 10, 21-23 (Cal. App. Dep't Super. Ct. 1982).

As to the first criteria, the court must look at whether the civil injury is coextensive of Defendant Nota's criminal violation in this case. Here, the Defendant was charged with HARASSMENT (As a Petty Misdemeanor) and Two Counts of CRIMINAL TRESPASS (As a Petty Misdemeanor). *See* Magistrate's Compl. (July 22, 2021). The Defendant's Harassment and Criminal Trespass charges have corresponding civil remedies with civil harassment or trespass. In his Motion, the Defendant alluded to the victim's available remedies like damages or a civil

---

[3] California Penal Code § 1377 states that "[w]hen the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in § 1378, except when it is committed as follows:"
   (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
   (b) Riotously.
   (c) With an intent to commit a felony.
   (d) In violation of any court order as described in §273.6 or 273.65
   (e) By or upon any family or household member, or upon any person when the violation involves
       any person described in § 6211 of the Family Codes or subdivision (b) of §13700 of this Code.
Cal. Pen. Code § 1377.

restraining order. *See* Mot. Civil Comp. at 2–3 (Dec. 27, 2024). Therefore, the victim's civil injury is coextensive with Defendant Nota's criminal violation.

As to the second criteria, the court must review whether the private settlement of this case can fully vindicate Defendant Nota's victim of her public injury. In his Motion, the Defendant attached the victim's notarized affidavit in support of his Motion. In her affidavit, the victim acknowledged that by dismissing the case and lifting the stay-away order against the Defendant, the victim would receive satisfaction for her injury. *See* Mot. Civil Comp., Affidavit (Dec. 27, 2024). Based on this notarized representation from the victim, the court finds that private settlement can fully vindicate Defendant Nota's victim of the public injury.

As to the last criteria, the court must determine whether the victim in this case voluntarily agreed to settling this case via civil compromise. As stated above, the named victim notarized her affidavit in support of the Motion. By wishing to compromise this case civilly, the victim acknowledges that her affidavit was made "freely and voluntarily without coercion[.]" Mot. Civil Comp., Affidavit (Dec. 27, 2024). Therefore, the court is satisfied that the victim's settlement agreement was voluntarily made.

Based on the criteria under *Moulton*, the court exercises its discretion in granting the Defendant's Motion to Dismiss Due to Civil Compromise.

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons above, the court hereby **GRANTS** the Defendant's Motion to Dismiss due to Civil Compromise.

No further proceeding is scheduled before this court.

MAY 2 2 2025

**SO ORDERED** this _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam